IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-853-FL

| | |
|---|---|
| T.O., a minor, by and through his mother, KATRINA HAYES, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | ORDER |
| CUMBERLAND COUNTY BOARD OF EDUCATION; FRANK TILL; SUSAN WILLIAMS; and SELINA M. BROOKS, ) ) ) ) | |
| Defendant. ) ) | |

This matter is before the court on defendants' motions to dismiss. (DE 14, 22). Also before the court are plaintiffs' motions for summary judgment, (DE 25, 26), and motion for default judgment. (DE 33). The issues raised are ripe for ruling. For the reasons that follow, plaintiffs' motions are denied and defendants' motions are granted.

## BACKGROUND

On October 14, 2016, plaintiff Katrina Hayes, proceeding pro se, initiated this action individually and on behalf of T.O., a minor who qualifies as a child with disability under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"). Plaintiffs request relief from an adverse ruling in a contested case before the North Carolina Office of Administrative Hearings ("OAH"), as provided for by the IDEA. 20 U.S.C. § 1415(i). Plaintiffs also assert five claims against defendants Cumberland County Board of Education ("BOE") and Frank Till ("Till").

Specifically, plaintiffs allege that defendants BOE and Till 1) failed to provide T.O. a free appropriate public education, in violation of the IDEA, 2) denied plaintiff T.O. equal access to education, in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 ("ADA"), 3) failed to report abuse, in violation of North Carolina law, and 4) used excessive force on T.O., in violation of the Fourth Amendment, as enforced by 42 U.S.C. § 1983. Plaintiffs also assert claims under 42 U.S.C. § 1983 against Selina M. Brooks (the "ALJ" or "Brooks") in her official capacity,[1] on the basis that Brooks violated plaintiffs' civil rights during hearing on plaintiffs' case before the OAH. Plaintiffs seek compensatory damages, reimbursement of private school tuition, travel expenses, and prospective relief.

In lieu of answer, defendants filed two separate motions to dismiss. On November 10, 2016, defendant Brooks filed a motion to dismiss plaintiffs' claims against her, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants BOE and Till filed a motion to dismiss plaintiffs' claims against them on November 17, 2016. Prior to the filing of defendants BOE and Till's motion to dismiss, plaintiffs filed a motion for entry of default.

In response to defendants' motions, plaintiffs filed the instant motions for summary judgment, which also include responses in opposition. To support their position, plaintiffs rely on numerous materials including documents from the administrative proceeding and subsequent appeal

---

[1] In their motion for summary judgment, plaintiffs seem to assert claims against defendant Brooks in her individual capacity. (See DE 25 at 4) ("Brooks['] denial of constitutional rights [is] not a judicial function."). However, plaintiffs fail to allege any specific acts upon which defendant Brooks could be individually liable.

2

below,[2] various statutes and regulations, the Constitution and the Declaration of Independence, the North Carolina Code of Judicial Conduct, emails exchanged between the parties, Cumberland County Schools' mission statement, a USB drive containing various audio recordings, and other correspondence relating to the case. Plaintiffs contend that they are entitled to judgment as a matter of law. In opposition, defendants BOE and Till contend that plaintiffs' motion for summary judgment is premature and should be denied as untimely.

On December 15, 2016, the court, by text order, denied plaintiffs' motion for entry of default. On January 25, 2017, the clerk of court sent notice to plaintiffs regarding their failure to serve properly Susan Williams ("Williams").[3] Plaintiffs responded to the clerk's notice on February 6, 2017, attaching proof of service as to Williams and defendant Till. Defendants BOE and Till replied to plaintiffs' response, requesting that the court dismiss any alleged claims against Williams pursuant to Federal Rule of Civil Procedure 4(m).

Thereafter, plaintiffs filed the instant motion for entry of default against Williams and defendants BOE and Till,[4] on the basis that they failed to answer the complaint within the required 21 days.[5] Williams made a limited appearance to contest plaintiffs' motion, arguing that where she

---

[2]Plaintiffs rely on the following materials from the administrative proceeding and subsequent appeal: 1) the ALJ's order granting defendants' motion for sanctions, 2) defendants' motion for sanctions, 3) an unsigned copy of the ALJ's order dismissing the action, 4) the transcript from the administrative hearing on defendants' motion for sanctions, 5) the state review officer's ("SRO") decision affirming the ALJ's decision, and 6) portions of opposing counsel's appellate briefs. Defendants do not contest the authenticity of these documents.

[3]Williams is member of the defendant BOE and was identified in plaintiffs' complaint as such to provide a mailing address for defendant BOE. Plaintiffs' complaint contains no allegations against Williams in her individual capacity and does not name her as defendant in the case caption.

[4] Plaintiffs' motion is labeled as "Motion to Default Judgment." (DE 33). However, it appears that plaintiffs actually seek entry of default. See Fed. R. Civ. Pro. 55(a).

[5]On November 2, 2016, the court granted defendants BOE and Till an extension of time to answer plaintiffs' complaint. (See DE 10). Defendants answer was due November 18, 2016. Defendants filed their motion to dismiss on November 17, 2016.

3

was only included in plaintiffs' complaint to provide a mailing address for defendant BOE, she is not a party to this action.

## STATEMENT OF FACTS

The facts alleged in plaintiffs' complaint are summarized as follows. Plaintiff T.O. is a minor child who qualifies as a child with disability under the IDEA. According to plaintiffs, throughout the 2013–2014 school year, Cumberland County Schools ("CCS") deprived plaintiff T.O. of a free and appropriate education ("FAPE"), as required by the IDEA. During the 2013–2014 school year, plaintiff T.O. attended Honeycutt Elementary School ("Honeycutt"), and was assigned to a classroom comprised of non-verbal students with maladaptive behaviors. (Id.). According to plaintiffs, in making this assignment, defendants BOE and Till failed to consider T.O.'s evaluation data and did not allow plaintiff Hayes to explore potential alternative programs. (Id.). Defendants BOE and Till also allegedly failed to develop a behavior intervention plan for T.O. and provide notice that T.O. was engaging in self-harming behaviors. (Id.). While a student at Honeycutt, plaintiff T.O. was also subjected to unreasonable and excessive force, which defendants BOE and Till failed to remedy and/or report. (Id. at 13–15).

In accordance with the IDEA, on or about September 23, 2014, plaintiffs filed a petition with the OAH alleging that the school board failed to provide T.O. with a FAPE. (Id. at 3). Plaintiffs withdrew the petition and refiled it a year later, on or about September 24, 2015. (Id.). The case was initially assigned to Administrative Law Judge ("ALJ") Elkins. After a period of contentious discovery, the case was reassigned to defendant Brooks on February 22, 2016. (Id. at 5). On February 24, 2016, defendants moved for sanctions, or in the alternative, to compel discovery. (Id.). Defendant Brooks granted defendants' motion for sanctions on March 24, 2016. (Id.). Defendant

Brooks held hearing on plaintiffs' claims on June 1, 2016. (Id. at 9). At hearing, defendants moved to bar plaintiffs from introducing any documentary or testamentary evidence on the grounds that plaintiffs failed to disclose such evidence by the required deadline. (Id. at 10–11). Without reaching the merits of plaintiffs' claims, on motion by defendants, defendant Brooks dismissed plaintiffs' case. (Id.). Thereafter, plaintiffs' appealed to SRO Joe Walters., who affirmed the ALJ's decision. (Id.). This action followed.

## DISCUSSION

A. Standard of Review

    1. Motion to Dismiss

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Under Rule 12(b)(1), the plaintiff bears the burden of showing that subject matter jurisdiction is appropriate. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. When the defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).[6] The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

---

[6] For example, this court may properly consider documents attached to various filings on the record, including documents relating to the administrative proceeding below, without converting defendants' motions to motions for summary judgment. See Richmond, 945 F.2d at 768.

5

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

In evaluating the complaint, "[the] court accepts all well-plead facts as true and construes these facts in the light most favorable to the plaintiff, "but does not consider legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). When a document is attached to a motion to dismiss, "a court may consider it in determining whether to dismiss the [claim] if it was integral to and explicitly relied on in the [pleading] and if the [claimants] do not challenge its authenticity." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). If additional materials "outside the pleading[s] are presented to and not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment . . . , and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. Pro 12(b); see Gay v. Wall, 761 F.2d 175, 178 (4th Cir. 1985).

Courts must liberally construe pro se complaints, and a "pro se complaint, however inartfully

6

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, courts "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loan Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). "The 'special judicial solitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Walter v. Dep't of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

B. Analysis

    1. Motion to dismiss claims against defendants BOE and Till (DE 22)

The court first takes up whether, as defendants contend, it lacks subject matter jurisdiction over plaintiffs' claims against defendants BOE and Till. Article III of the United States Constitution restricts federal court jurisdiction to actual "cases" and "controversies." U.S. Const. art. III, § 2. "Determining that a matter before the federal courts is a proper case or controversy under Article III . . . assumes particular importance in ensuring that the Federal Judiciary respects 'the proper– and properly limited– role of the courts in a democratic society.' " DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006) (quoting Allen v. Wright, 469 U.S. 737, 750 (1984)). The case-or-controversy requirement thus "subsists through all stages of federal judicial proceedings." Lewis v. Cont'l Nat'l Bank Corp., 494 U.S. 472, 477 (1990). Subject matter jurisdiction concerns a court's very power to hear a case, and because it "can never be forfeited or waived," the lack of subject matter jurisdiction can be raised at any time. United States v. Cotton, 535 U.S. 625, 630 (2002); see also Fed. R. Civ. P. 12(h)(3).

The requirement that a party invoking jurisdiction has standing "is an essential and

7

unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To establish standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc., v. Laidlaw Envtl. Servs., 528 U.S. 167, 180–81 (2000) (citing Lujan, 504 U.S. at 560–61); see also Allen v. Wright, 468 U.S. 737, 751 (1984) ("A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."). The court's standing inquiry is "focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008).

"[N]on-attorney parents generally may not litigate the claims of their minor children in federal court." Myers v. Loudoun Cty Pub. Schs., 418 F.3d 395, 401 (4th Cir. 2005). Therefore, any claims plaintiff Hayes asserts against defendants BOE and Till on behalf of her son are dismissed for lack of standing. Consequently, plaintiff T.O.'s IDEA, ADA, § 504, § 1983, and North Carolina common law claims must be and are dismissed. Finding dismissal appropriate on this basis, the court need not address defendants' alternative arguments.

To the extent plaintiff Hayes asserts IDEA claims on her own behalf, such claims are also dismissed. Under the IDEA, a plaintiff is required to exhaust administrative remedies prior to bringing a civil action in federal court. See 20 U.S.C. § 1415(i)(2); MM ex rel DM v. Sch. Dist. of Greenville Cnty., 303 F.3d 523, 536 (4th Cir. 2002) ("[F]ailure of [plaintiffs] to exhaust their administrative remedies . . . deprives us of subject matter jurisdiction of those claims."). Absent a

failure to exhaust, the court may only exercise jurisdiction if 1) the process would have been futile; 2) the school board fails to provide notice of administrative rights; or 3) administrative exhaustion would work severe harm on the disabled child. Id. at 535–36.

Prior to bringing a civil action, a plaintiff asserting violations of the IDEA must first request a due process hearing. 20 U.S.C. § 1415(f). In North Carolina, ALJs conduct the due process hearings required by the IDEA. See N.C. Gen. Stat. § 115C-109.6. A party "aggrieved by the decision and findings" of the ALJ may seek review by a SRO. Id. § 115C-109.9(a). A party "aggrieved by the findings and decision" of the SRO may bring a civil action in federal or state court. 20. U.S.C. § 1415(i)(2). "Thus, before the district court may hear a claim under the IDEA, there must be a decision on the merits at the state-level administrative proceeding." Singletary v. Cumberland Cnty Sch., No. 5:12-CV-744-FL, 2015 WL 1125088, at *7 (E.D.N.C. Mar. 12, 2015). Where "the [h]earing [o]fficer and [r]eviewing [o]fficer . . . reach[] the same conclusion, a reviewing court is obliged to accord greater deference to their findings." G. ex rel. R.G. v. Fort Bragg Dependent Sch., 343 F.3d 295, 302–03) (4th Cir. 2003) (internal quotations omitted).

Here, in the administrative proceedings below, the ALJ dismissed plaintiffs' case without addressing the merits of their claims. (See DE 25-11 at 37) ("I have made no ruling concerning the substance of this matter."); (See also DE 25-15 at 3). During the proceedings, plaintiffs failed to disclose evidence they intended to use in the due process hearing by the required May 25, 2016, deadline. (DE 25-11 at 19). On motion by defendants, the ALJ exercised her authority under relevant federal regulations, to bar plaintiffs from introducing any documentary and/or testamentary evidence. See 34 C.F.R. § 300.512(a)(3) ("Any party to [due process] hearing conducted pursuant to [relevant IDEA regulations] . . . has the right to . . . [p]rohibit the introduction of any evidence

9

at the hearing that has not been disclosed to that party at least five business days before the hearing . . . ."). Without the ability to introduce evidence, the ALJ concluded that plaintiffs would not be able to prosecute their case, and dismissed the action under N.C. R. of Civ. P. 41(b). Thereafter, plaintiffs appealed the ALJ's decision to an SRO. After reviewing the administrative record, the SRO affirmed the ALJ, finding that the ALJ acted properly in barring plaintiffs' evidence and dismissing the case. (DE 25-19 at 2).

Although dismissals under Rule 41(b) constitute adjudications on the merits, here the ALJ and the SRO made no findings regarding the substance of plaintiffs' IDEA claims. Accordingly, the court does not have jurisdiction to hear the merits of the plaintiffs' claims. See e.g., Singletary, 2015 WL 1125088, at *7 ("Thus, before the district court may hear a claim under the IDEA, there must be a decision on the merits at the state-level administrative proceeding."). "The IDEA's exhaustion requirement serves the important purpose of allowing states to use their special expertise to resolve educational disputes." E.L. ex rel Lorsson v. Chapel Hill–Carrboro Bd. of Educ., 773 F.3d 509, 51415 (4th Cir .2014) (citing Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 208 (1982)). This court lacks such expertise. Accordingly, this court is without jurisdiction to hear plaintiffs' claim. See A.W. ex rel Wilson v. Fairfax Cnty. Sch. Bd., 548 F.Supp.2d 219, 222 (E.D.Va .2008) ("Parents of a disabled child may only file a suit in federal district court under the IDEA when the parents are aggrieved by a final administrative due process hearing decision.").

Furthermore, here, the ALJ acted pursuant to relevant federal regulations, in barring plaintiffs' evidence and dismissing their case. See 34 C.F.R. § 300.512. Plaintiffs had ample time to disclose evidence they intended to introduce and they failed to do so by the required deadline.

10

Throughout the proceedings, plaintiffs also failed to respond to compulsory discovery requests. (DE 1 at 7) ("On April 22, Robert asked KH to answer the second set of interrogatories. . . .KH informed him KH wasn't interested in answer the questions."). In reviewing the administrative proceedings below, the SRO affirmed the ALJ's decision. (DE 25-19). Since the ALJ acted in accordance with law, any IDEA claims plaintiff asserts on her own behalf are dismissed.[7] Finding dismissal appropriate on this basis, the court need not address the parties' alternative arguments.

It is significant to note that the provision of the IDEA under which this case was filed provides that the district court "shall receive the records of the administrative proceedings." 20 U.S.C. § 1415(j)(2)(C)(i). Here, the parties have not filed with the court the administrative record in this matter, although plaintiffs have filed a handful of documents excerpted from it as attachments to various filings. Although the materials from the administrative proceeding and subsequent appeal below do not satisfy the statutory provision that the court receive the entire administrative record, the excerpts provided on the record provide a sufficient basis to rule on defendants' motion to dismiss.[8]

In sum, where plaintiff Hayes lacks standing to assert claims pro se on behalf of her minor son, T.O. plaintiffs' IDEA, § 1983, ADA, § 504 and North Carolina state law claims are dismissed. To the extent plaintiff Hayes asserts IDEA claims on her own behalf, those claims are also dismissed. Consequently, the court grants defendants BOE and Till's motion to dismiss. (DE 22).

---

[7]In the complaint, plaintiff Hayes does not provide any facts to support her own ADA or § 504 claims. However, even if plaintiff did assert such claims on her own behalf, such claims would also be dismissed since plaintiffs did not exhaust administrative remedies on the merits of these claims. See 20 U.S.C. § 1415(l) (noting that before filing a civil action under the Constitution, ADA , and § 504, "the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under [the IDEA]).

[8]Importantly, the ALJ's decision, the SRO's decision, and the transcript from the administrative hearing are all available on the record. (See DE 25-11; 25-15, and 25-19).

11

2. Motion to dismiss claims against defendant Brooks (DE 14)

The court also lacks jurisdiction over plaintiffs' claims against defendant Brooks. Plaintiffs' claims against defendant Brooks arise out decisions she made in her capacity an ALJ, including her ruling dismissing plaintiffs' case at the administrative level.

Administrative law judges are afforded immunity for their judicial acts. See Butz v. Economou, 438 U.S. 478, 512–14 (1978) ("[P]ersons . . . performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts .").

Plaintiffs' assert claims against defendant Brooks for actions taken in her capacity as ALJ. Specifically, plaintiff Hayes alleges that defendant Brooks violated her Fourteenth Amendment due process rights by barring plaintiffs' evidence and sanctioning her for failing to answer discovery requests. Plaintiff Hayes also alleges that defendant Brooks violated her due process rights by failing to provide grounds in her order of reassignment and by making decisions on allegedly fraudulent facts.

Since defendant Brooks was performing judicial acts when she barred plaintiffs' evidence and made rulings in the administrative proceeding, she is immune from damages.[9] See Butz, 438 U.S. at 514; see also Stump v. Sparkman, 435 U.S. 349, 362 (1978) (noting that a "judicial act" is one "normally performed by a judge"). Because defendant Brooks was performing judicial acts in her official capacity when she engaged in the acts plaintiffs complain of, she is immune from suit for damages. Accordingly, plaintiffs' § 1983 claims against defendant Brooks must be dismissed. Thus, defendant Brooks' motion to dismiss is also granted.

---

[9] Defendant Brooks is not immune from suits for prospective relief. See Pulliam v. Allen, 466 U.S. 522, 541 (1984) ("[J]udicial immunity is not a bar to prospective . . . relief against a judicial officer acting in her judicial capacity."). Here, however, plaintiffs have not specified any prospective relief sought against defendant Brooks.

12

In sum, based on the foregoing, defendants are entitled to dismissal as to all claims asserted against them. Where the court has dismissed all plaintiffs' claims, their motions for summary judgment and motion for judgment on the pleadings are denied as moot.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss are GRANTED. (DE 14, 22). Finding dismissal appropriate on this basis, plaintiffs' motions for summary judgment and motion for default judgment are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 13th day of March, 2017.

LOUISE W. FLANAGAN
United States District Judge

13

Case 5:16-cv-00853-FL   Document 38   Filed 03/13/17   Page 13 of 13